IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RUDOLPH JOSEPH FOX, JR.,**   CASE NO. 2:10-cv-0274
                               CRIM. NO. 2:09-cr-78
Petitioner,

v.
                               JUDGE MARBLEY
**UNITED STATES OF AMERICA,**

Respondent.

## OPINION AND ORDER

On March 29, 2010, Rudolph Joseph Fox, Jr., a federal prisoner, filed a "Motion For Relief of Federal Custody and Remedy to Set Aside, Correct, or Restructure Sentencing Form." Based on his citation to 28 U.S.C. § 2255 as the legal basis for the motion, the Court construes it as a §2255 petition. The United States responded to the motion on April 9, 2010. Petitioner has not replied. For the following reasons, the motion will be denied.

### PROCEDURAL HISTORY AND FACTS

On November 5, 2009, petitioner was found guilty, by a jury, of three counts of income tax evasion in violation of 26 U.S.C. § 7201 and one count of failure to file a tax return in violation of 26 U.S.C. § 7203. On March 19, 2010, the Court sentenced petitioner to twelve months' imprisonment on each count, to be served concurrently, a $3,000 fine, restitution of $23,765 to the Internal Revenue Service ("IRS"), special assessments totaling $325.00, and three years of supervised release. The Judgment and Commitment order was entered on April 7, 2010.

During the proceedings, petitioner repeatedly refused to acknowledge that he was the defendant, but instead chose to refer to himself as a third-party intervener and

as a trustee appearing on behalf of Rudolph Joseph Fox, Jr.  Petitioner also performed as his own attorney.  The Court permitted him to do so after extensive questioning, and the Court also advised him to reconsider that decision and to accept appointment of counsel.  The Court ultimately provided petitioner with stand-by-counsel.

The record reflects that petitioner's overall participation in the trial was minimal.  For example, he did not ask the prospective jurors any questions on *voir dire*.  Petitioner also refused to participate in the preparation of the Presentence Investigation Report ("PSR"), although he did tell the Probation Officer that "he was in good health and taking no prescription medication" and "has no history of mental or emotional problems."

Petitioner now claims to be a heart patient and diabetic.  Additionally, he asserts that his wife suffered a heart attack on March 15, 2010.  These assertions were not brought to the Court's attention prior to sentencing, and petitioner did not file a sentencing memorandum.  Petitioner attached to his motion to vacate a March 20, 2010 letter from Jeffrey C. Spencer, M.D. addressed to Mrs. Susan G. Fox.  That letter expresses concerns for Mrs. Fox's health, especially if she is required to travel in order to visit petitioner in jail.  The only specific diagnosis to which it refers is high blood pressure, although it makes mention of chest pain as well.  It also recites that petitioner suffered a heart attack in the past, that he has two coronary stents in place, that he is diabetic, and that he could be at medical risk while in jail.

## PETITIONER'S CLAIMS

In his §2255 petition, petitioner raises what appear to be four separate claims for relief (although, in the response, respondent construes the petition as raising six separate claims):

1. His and his wife's health, as well as her inability to maintain current household expenses by herself, require a restructuring of his sentence to prevent hardship on his family;

2. The IRS does not have standing to present claims in Unites States Courts;

3. His conviction and sentence violate his rights under the United States. Constitution and law of the United States, because he was not afforded competent counsel;

4. He was denied due process and his constitutional right to a trial by a jury of his peers.

It is respondent's position that each of these claims is without merit.

## CLAIM ONE

Petitioner's first claim is that the prison sentence imposed will result in financial or other hardship for his wife and child. This claim has no merit.

In this case, the Court sentenced petitioner to a sentence falling within the advisory guideline range of 10-16 months. Section 5H1.6 of the United States Sentencing Guidelines states that "family ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted." U.S.S.G § 5H1.6. A downward departure in sentencing is only warranted for family hardship when there are exceptional circumstances. *United States v. Tocco*, 200 F.3d 401, 435 (6th Cir. 2000). In *Tocco,* the Court found that there were exceptional circumstances to restructure Tocco's sentence. However, in that case there was significant documentation in the Presentence Investigation Report that the defendant and his wife were elderly and suffered from serious medical conditions. These factors were taken into account by the Court in making a finding of "exceptional" circumstances. Although the Court is not bound by the Guidelines and was required to take additional factors, set forth in 18 U.S.C. §3553(a), into account in sentencing, the application of those factors does not change the Court's view that the original sentence was appropriate and that the information submitted by petitioner does not provide any basis for adjusting that sentence.

In his petition, petitioner claims to be a "heart patient and diabetic." Dr. Spencer's letter appears to confirm these assertions. There does not appear to be any reason that this information was not presented prior to sentencing. Further, the letter

3

asserts only that petitioner "could be at risk" in jail. There is nothing to indicate that he could not receive adequate treatment for what are fairly common medical conditions, and Dr. Spencer has not identified any particular or unique treatment that would be required and would not be available in a prison setting.

Petitioner also claims that his wife suffered a heart attack on March 15, 2010. Dr. Spencer's letter does not substantiate the claim. It states only that Mrs. Fox has high blood pressure and should not travel due to chest pain that radiates to her back, left shoulder and arm. Again, the inability of a family member to travel to visit a defendant in prison is not the type of exceptional circumstance that would justify either a shorter sentence or, as petitioner requests, his immediate release from prison. Consequently, the Court finds that there are no exceptional circumstances in this case to warrant a restructuring of the sentence due to family hardship.

## CLAIM TWO

Next, petitioner asserts that the Internal Revenue service lacked standing to prosecute this case. However, the Internal Revenue Service was not and is not a party to this criminal prosecution. The case was brought on behalf of the United States. United States Attorneys are required to prosecute offenses against the United States, including tax laws. *See United States v. Russell*, 2000 WL 1871700 (6th Cir. Dec. 13 2000). The laws violated are set forth at 26 U.S.C. §§ 7201 and 7203. This claim is frivolous.

## CLAIM THREE

Petitioner's third claim appears to be a claim of ineffective assistance of counsel. The basis of this claim is his assertion that he was required to go to trial with an attorney with whom he had a conflict. As part of his claim, he appears to assert that a defendant cannot properly be sentenced to a term of imprisonment unless the defendant was represented by counsel, or by competent counsel. This claim is not based on any facts and is also legally insufficient.

The right to counsel guaranteed by the Sixth Amendment is the right to the effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). The

standard for reviewing a claim of ineffective assistance of counsel is twofold:

> First, the defendant must show that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable.

*Strickland v. Washington*, 466 U.S. 668, 686 (1984). "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689.

To establish prejudice, a petitioner must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. Because Petitioner must satisfy both prongs of the *Strickland* test to demonstrate ineffective assistance of counsel, should the Court determine that Petitioner has failed to satisfy one prong, it need not consider the other. *Id*. at 697. An evidentiary hearing is not required where the files and records of the case conclusively show that the moving party is entitled to no relief. *Green v. United States*, 65 F.3d 546, 548 (6th Cir. 1995).

Moreover, a defendant cannot be imprisoned after trial unless the defendant has been provided with the opportunity to be represented by counsel. *Argensinger v. Hamlin*, 407 U.S. 25, 37 (1972). However, the defendant can knowingly and intelligently waive his right to counsel, and if that occurs, imprisonment may be ordered. *Id*.

From a factual standpoint, petitioner has submitted neither evidence nor argument to support his claim that he had "become embroiled in irreconcilable conflict" with his attorney which served "to deprive him of the effective assistance of counsel." To the contrary, petitioner clearly informed the Court that he did not wish to be represented by counsel. After conducting the required colloquy on this issue, the Court

allowed petitioner to exercise his constitutional right of self-representation, but the Court appointed the Public Defender to serve as "stand-by-counsel" if petitioner chose to avail himself of that resource. The record reflects that petitioner routinely refused to do so. Further, he repeatedly assured the Court that he was pursuing a course that he had chosen and wished to pursue. Petitioner never indicated that he had any sort of conflict with the Public Defender until he filed this motion, and he has still not identified what the source or nature of the conflict was, or how it affected his ability to represent himself.

Legally, because he chose to represent himself, petitioner may not advance a Sixth Amendment claim of ineffective assistance of counsel. The waiver of the right to be represented by counsel is also a waiver of any claim of ineffective assistance of counsel. As the Court of Appeals observed in *Wilson v. Parker*, 515 F.3d 682, 696 (6th Cir. 2008), "a defendant cannot waive his right to counsel and then complain about the quality of his own defense." Thus, petitioner's third claim lacks merit.

## CLAIM FOUR

Petitioner's final claim is that he was denied a jury of his peers. In support of that claim, he argues that the jury panel was a "[j]ury of unknowns," and that it "did not resemble [p]eers of the [d]efendant." This claim also lacks legal merit.

A criminal defendant is entitled to a jury of his or her peers, but that requirement is satisfied if the jury represents a fair cross-section of the community. In order to establish a *prima facie* violation of the fair-cross-section requirement, a defendant must allege that: 1) the group alleged to be excluded is a "distinctive group" in the community; 2) the representation of that group is not fair and reasonable in relation to the community as a whole; and 3) the jury-selection process systematically excluded this group. *See Duren v. Missouri*, 439 U.S. 357, 364 (1997); *see also United States v. Ahee*, 5 Fed.Appx. 342 (6th Cir. Feb. 15, 2001). A "bald, sweeping generalization indicating dissatisfaction with the jury panel" is insufficient to support such a claim. *Id*. at *4. Mr. Fox has not provided any facts that warrant a conclusion that the fair-cross-section

requirement was not followed, and has not identified any distinctive group within the community that was not fairly represented on the jury panel. Therefore, this claim also lacks merit.

## ORDER

For the reasons stated in this Opinion and Order, petitioner Rudolph Joseph Fox, Jr.'s Motion For Relief of Federal Custody and Remedy to Set Aside, Correct, or Restructure Sentencing Form (#51) is **DENIED**.

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
Algenon L. Marbley
United States District Judge